JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Asbjorn Ostevoll appeals the trial court's entry, upon the petition of his wife, appellee Lisa Grote Ostevoll, of a "Domestic Violence Full Hearing Civil Protection Order," which, among other things, granted her custody of their three children and prohibited him from contact with her or the children for a period of one year.
In the first of his two assignments of error, appellant asserts that the trial court abused its discretion in refusing to continue the hearing on the petition for the protection order, where he was prevented from traveling from his home in Norway to attend the hearing due to illness. We disagree.
Although a party may generally be entitled to a continuance if he is unable to attend a proceeding due to illness, the trial court in the instant case apparently found appellant's assertion of illness to be insincere, based on his previous pattern of continuance requests. The trial court specifically noted that appellant had previously sought and obtained several continuances and that, on the last occasion, she had noted that she would grant him no further continuances. Given these circumstances, we are unable to conclude that the trial court abused its discretion in denying appellant's request.[1] Accordingly, we overrule the first assignment of error.
In his second assignment of error, appellant contends that the trial court erred in granting the protection order and in depriving him of contact with his children. The primary thrust of his assignment, however, is that the trial court erred in relying upon the testimony of Dr. Eppley, the children's therapist, when the appellant and Dr. Eppley had never met. We disagree.
The fact that Dr. Eppley never met appellant goes to the weight to be given her testimony, not to its competency or sufficiency. The trial court, therefore, was free to consider the therapist's testimony and to accord it the appropriate weight. Moreover, because the record contains competent credible evidence to support the trial court's issuance of the protection order pursuant to R.C. 3113.31, we reject the second and final assignment of error and affirm the trial court's judgment.[2]
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] See State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078.
[2] See Felton v. Felton (1997), 79 Ohio St.3d 34,679 N.E.2d 672; Gooderham v. Patterson (Nov. 9, 1999), Gallia App. No. 99 CA 01, unreported.